**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 22-2689

———————————

MARTABA AZAMOVA AKRAMOVA,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA

———————————

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(No. A099-083-201)
Immigration Judge: R.K. Malloy

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 22, 2023

Before: CHAGARES, *Chief Judge*, and BIBAS and MATEY, *Circuit Judges*

(Filed: July 19, 2023)

———————————

OPINION*

———————————

**BIBAS**, *Circuit Judge*.

After missing her immigration court date, Martaba Akramova waited more than eight years to move to reopen her case. Because she has not shown changed country conditions to warrant reopening her case after his lengthy delay, we will deny her petition for review.

———————————

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

In 2005, Akramova came to the United States on a six-month visa. After she overstayed that visa, she sought asylum. She said she feared persecution in her native Uzbekistan based on her Tajik ethnicity, her Muslim faith, and her husband's opposition political activity. But she skipped her 2007 hearing and was ordered removed.

In 2016, Akramova reappeared and moved to reopen her asylum case in Chicago. She admitted that she had gotten notice of the 2007 hearing and was late, but sought an exception based on changed country conditions. Uzbekistan, she claimed, had started stripping citizenship from expatriates who had lived abroad for at least five years. And she pointed to a news report about a group of Uzbeks who had been arrested, imprisoned, and tortured upon their return. She feared similar treatment. The immigration judge denied her motion in a four-sentence opinion. The Board of Immigration Appeals remanded for more explanation.

Before the Chicago judge could do so, Akramova moved her case to Philadelphia. There, a different immigration judge reviewed the evidence, found that she had not proven changed conditions, and denied her motion to reopen. The Board affirmed. She now petitions for review.

The Board had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3), 1240.15, and we have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the denial of reopening for abuse of discretion. *Bamaca-Cifuentes v. Att'y Gen.*, 870 F.3d 108, 110 (3d Cir. 2017). That standard is highly deferential; we will reverse the Board's ruling only if it was "arbitrary, irrational, or contrary to law." *Id.* (internal quotation marks omitted). And we accept the

administrative factual findings unless the evidence would compel a reasonable adjudicator to decide differently. 8 U.S.C. § 1252(b)(4)(B).

Akramova makes three claims, but none shows an abuse of discretion. *First*, she says the Board should not have rejected her claim of changed country conditions. But the Board correctly reviewed the immigration judge's findings for clear error and found none. The immigration judge acknowledged Akramova's evidence, weighed it against State Department reports, and found that conditions had not grown worse. Evidence supported that decision, and we cannot say a reasonable adjudicator would be compelled to decide otherwise. *Bamaca-Cifuentes*, 870 F.3d at 113.

*Second*, Akramova objects that both the immigration judge and the Board overlooked her Convention Against Torture claim. But they applied the law correctly. To reopen an asylum hearing, the petitioner must first show that her motion is timely or that country conditions have changed. 8 C.F.R. § 1003.23(b)(1), (3), (4)(i). Those requirements apply equally to Convention claims. *Bamaca-Cifuentes*, 870 F.3d at 109. So as the Board noted, her Convention claim failed for the same reason as her asylum claim.

*Finally,* Akramova suggests that the immigration judge never judged her case but instead delegated it to her law clerk. The Board acknowledged that the judge's remarks at the hearing "may have inadvertently given the impression" that she would let her law clerk decide the case. AR 4 n.3. But it found "no indication" that the judge had actually abdicated her role. *Id.* Looking at the record for ourselves, we agree. *See Radiowala v. Att'y Gen.*, 930 F.3d 577, 581 (3d Cir. 2019). The immigration judge signed her decision, in which she said she had considered Akramova's evidence and arguments in detail. That was enough.

3

That said, even the suggestion that a judge delegated her authority to her clerk is troubling. Each judge, whether Article III or administrative, is responsible for her own orders and opinions. Each of us solemnly swears or affirms "that *I* will well and faithfully discharge the duties of the office on which I am about to enter." 5 U.S.C. § 3331 (emphasis added); *accord* 28 U.S.C. § 453. We may use clerks to aid our research and drafting, but our judgments are ours alone. To earn the public's confidence, we must not delegate away that core task—nor give any impression that we have.

\* \* \* \* \*

After skipping her hearing, Akramova waited eight and a half years to return to court. Yet she could not prove that, in the meantime, Uzbekistan had grown worse. So her motion to reopen is too late, and we will deny her petition.